Gregory L. Spallas, SBN 129306
Shivani Sutaria, SBN 249942
PHILLIPS, SPALLAS & ANGSTADT LLP
650 California Street, Tenth Floor
San Francisco, California 94108
Tel:  (415) 278-9400
Fax:  (415) 278-9411

Attorneys for Defendant
WAL-MART STORES, INC.

Stuart M. Wilson, SBN 94633
Law Offices of Stuart M. Wilson
1671 The Alameda, Suite 300
San Jose, California CA

Attorney for Plaintiff
KENNETH JACKSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JACKSON<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>Defendant. | Case No. 5:08-cv-01670-JF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:  July 18, 2008<br>TIME:  10:30 a.m.<br>CTRM 10:  Judge J. Fogel |

Defendant WAL-MART STORES INC. (hereinafter "Wal-Mart" or "Defendant") and Plaintiff KENNETH JACKSON (hereinafter "Plaintiff") hereby submit this Joint Case Management Statement.

### JURISDICTION AND SERVICE

On or about February 15, 2007, Plaintiff filed this action in the Superior Court of the State of California in and for the County of Santa Clara. Defendant was properly served on or about September 18, 2007 through its registered agent with a copy of the Summons and Complaint.

On or about March 25, 2008, Defendant removed this action pursuant to the provisions of 28 U.S.C. § 1441(b) to the United States District Court, Northern District of California. This court now has original jurisdiction pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the matter in controversy may exceed the sum of $75,000, exclusive of interest and costs. Plaintiff is a citizen of the State of California. Defendant is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of Arkansas. Wal-Mart is the only Defendant named in this action and the only Defendant that has been served with the Summons and Complaint.

Plaintiff contends this court does not have jurisdiction over the case because removal was not effected within one year of filing the complaint as required by 28 USC 1446(b).

## FACTS

Plaintiff alleges employment discrimination. Wal-Mart hired Plaintiff on June 10, 1996, when he was 71 years old, as a People Greeter. His primary responsibilities were to greet customers as they arrived and exited the store, stop customers who activated the alarm and check their receipt with the merchandise, respond to customer questions, and monitor entrance and exit for signs of shrink and security risks. On February 21, 2005, Plaintiff was allegedly rude and abusive towards customers and Defendant terminated him for gross misconduct. After his termination, Plaintiff exercised Wal-Mart's "Open Door" policy, appealing his termination to members of management at numerous levels above the store. Wal-Mart offered to re-hire him at the Mountain View, California store at the new-hire rate, which was less than his previous rate. Plaintiff refused the job offer.

Plaintiff alleges in his Complaint that he was terminated because of his age and perceived disability. Plaintiff claims wrongful termination in violation of public policy, breach of implied contract of continued employment, and breach of implied covenant of good faith and fair dealing.

## LEGAL ISSUES

The critical legal issue is whether Wal-Mart engaged in age and perceived disability discrimination when it terminated Plaintiff for rude and abusive behavior towards customers. The other legal issue is whether an implied contract of continued employment existed as Plaintiff alleges,

and if it did, whether Wal-Mart breached the contract when it terminated Plaintiff. If an implied contract existed, another legal issue is whether Wal-Mart breached the contract's implied covenant of good faith and fair dealing when it terminated Plaintiff. If Plaintiff amends the Complaint, a legal issue will be whether Wal-Mart breached its obligation to allow Plaintiff to maintain his life insurance policy.

## MOTIONS

On December 18, 2007, Defendant filed a Motion to Compel Plaintiff to respond to Defendant's General Form Interrogatories Set No. One, Employment Form Interrogatories Set No. One, Request for Production of Documents Set No. One, and Request for Statement to Damages. Defendant also filed a Request for Monetary Sanctions. On February 1, 2008, Judge Socrates P. Manoukian of Santa Clara County Superior Court granted Defendant's Motion to Compel Plaintiff to respond to discovery requests and awarded Defendant sanctions in the amount of $610.00.

On or about March 25, 2008, Defendant removed this action pursuant to the provisions of 28 U.S.C. § 1441(b) to the United States District Court, Northern District of California.

Plaintiff may bring a Motion to Remand to state court.

## AMENDMENT OF PLEADINGS

The parties do not anticipate amending the pleadings. Plaintiff may amend to allege breach of life insurance contract.

## EVIDENCE PRESERVATION

The parties are aware of its duty to preserve evidence that is relevant or reasonably calculated to lead to the discovery of admissible evidence.

## DISCLOSURES

The parties will timely comply with the initial disclosure requirements of Fed. R. Civ. P. 26 (a)(1) by serving initial disclosures by July 8, 2008.

## DISCOVERY

The parties commenced discovery when the action was in state court. On October 19, 2007, Defendant served Plaintiff with General Form Interrogatories Set No. One, Employment Form Interrogatories Set No. One, Request for Production of Documents Set No. One. On October 30,

2007, Defendant also served Plaintiff with a Request for a Statement of Damages. Upon not receiving discovery responses from Plaintiff and attempts to meet and confer, Defendant filed a Motion to Compel Responses and a Request for Monetary Sanctions on December 18, 2007. Following the Court's granting of Defendant's Motion to Compel, Plaintiff provided Defendant with discovery responses on March 5, 2008. However, Defendant found the responses to be incomplete and vague. Defendant wrote counsel a meet and confer letter on April 1, 2008 demanding complete responses.

On December 20, 2008, Plaintiff served Defendant with Request for Production of Documents Set No. One. Following meeting and conferring on Plaintiff's requests, Defendant served Plaintiff with discovery responses on February 8, 2008. On March 6, 2008, Plaintiff served Defendant with Form-General Interrogatives Set One, Form-Employment Interrogatories Set One and Request for Production of Documents Set No. Two. The action was removed shortly thereafter, and discovery has been placed on hold until the Initial Case Management Conference, and thus Plaintiff has not received these responses yet.

The parties expects to conduct written discovery on liability and damages issues. The parties anticipated discovery is as follows:

1. **Rule 26(a) disclosures**

The parties will serve initial disclosures by July 8, 2008.

2. **Discovery Subjects**

The parties will conduct discovery based on the allegations and defenses set forth in the pleadings. Defendant will conduct discovery as to the factual evidence and witnesses Plaintiff contends supports his claims, and the amount and extent of plaintiff's claimed damages.

## CLASS ACTIONS

Not applicable.

## RELATED CASES

Not applicable.

## RELIEF

According to Plaintiff's response to Defendant's Request for Statement of Damages, Plaintiff seeks $324,856.00 in damages ($200,000 for loss of life insurance, $100,000 for pain and suffering,

and $24,856 for loss of earnings as of March 2, 2008).

## SETTLEMENT AND ADR

Per ADR Local Rule 3-5, Defendant attempted to meet and confer with Plaintiff regarding ADR prior to the June 24, 2008 deadline to file the ADR documents with the court. Defendant filed the ADR Certification and Notice for Need for ADR Phone Conference on June 24, 2008. On June 25, 2008, the parties met and conferred regarding ADR and agreed to participate in an early neutral evaluation (ENE). Accordingly, Defendant filed with the court the parties' Stipulation to participate in an ENE and a Proposed Order. The Honorable Judge Fogel issued an Order on June 26, 2008 requiring the parties to participate in an ENE within 90 days of the Order.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

On March 31, 2008, Defendant filed a declination to proceed before Magistrate Judge Richard Seeborg.

## OTHER REFERENCES

Not suitable for binding arbitration.

## NARROWING OF ISSUES

The parties have not yet discussed narrowing of issues.

## EXPEDITED SCHEDULE

Not applicable.

## SCHEDULING

Defendant requests the following pre-trial and trial dates:

| | |
|---|---|
| Last day to complete non-expert discovery: | November 7, 2008 |
| Expert Disclosure | November 26, 2008 |
| Supplemental Expert Disclosure: | December 12, 2008 |
| Last day to complete Expert Discovery: | January 9, 2009 |
| Last day for hearing on non-dispositive motions: | January 16, 2009 |
| Last day for hearing on dispositive motions: | February 20, 2009 |
| Pre-Trial Conference | March 13, 2009 |
| Trial: | April 13, 2009 |

1  //
2  //
3  //
4  //
5  //
6  //
7  //

## TRIAL

Defendant requests a trial by jury and expect that trial will last three to five days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Not at this time.

Respectfully submitted,

Dated: July 3, 2008

PHILLIPS, SPALLAS & ANGSTADT LLP

*/s/ Gregory L. Spallas*

Gregory L. Spallas
Shivani Sutaria
Attorneys for Defendant
WAL-MART STORES INC.

LAW OFFICES OF STUART M. WILSON

*/s/ Stuart M. Wilson*

Stuart M. Wilson
Attorney For Plaintiff
KENNETH JACKSON