**Gregory L. Spallas, SBN 129306**
**Shivani Sutaria, SBN 249942**
PHILLIPS, SPALLAS & ANGSTADT LLP
650 California Street, Tenth Floor
San Francisco, California 94108
Tel:    (415) 278-9400
Fax:    (415) 278-9411

Attorneys for Defendant
WAL-MART, STORES, INC., (erroneously
sued herein as WAL-MART, INC.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JACKSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>WAL-MART, INC.,<br><br>    Defendant. | Case No.  5:08-cv-01670-JF RS<br><br>**DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL INITIAL DISCLOSURES AND REQUEST FOR SANCTIONS**<br><br>Date:    **September 10, 2008**<br>Time:   **9:30 a.m.**<br>**Judge: Richard Seeborg**<br>**Room: 4** |

Defendant WAL-MART STORES, INC. (hereinafter "Wal-Mart" or "Defendant") respectfully submits the following Memorandum of Points & Authorities in Support of its Motion to Compel Plaintiff KENNETH JACKSON's (hereinafter "Plaintiff") Initial Disclosures.  Defendant respectfully also submits the following Memorandum of Points & Authorities in Support of its Request for Sanctions.

## I.  INTRODUCTION

Plaintiff has failed to serve Defendant with its Initial Disclosure (hereinafter "Disclosures") as required by FRCP 26 (a)(1).  Plaintiff stated in the Joint Case Management Conference (hereinafter "CMC") statement submitted to the court its agreement to serve Defendant its Disclosures by July 8, 2008.  Plaintiff failed to do so.  The parties met and conferred in person on July 18, 2008 and

1  discussed Plaintiff's need to serve Defendant with its Disclosures immediately. Plaintiff failed to do
2  so. Defendant wrote Plaintiff a letter on July 21, 2008 and told Plaintiff to serve Defendant with its
3  Disclosures by the end of business to avoid judicial intervention. Plaintiff failed to do so. Plaintiff
4  has failed to serve Defendant with its Disclosures to date, which is fourteen days past the Initial CMC.

5      Due to the need to engage in discovery and to effectively participate in an Early Neutral
6  Evaluation (hereinafter "ENE") with a court-ordered deadline of September 24, 2008, Defendant
7  brings a Motion to Compel Disclosures under FRCP 37(a)(3)(A) and requests an Order demanding
8  Plaintiff serve his Disclosures. Defendant also seeks sanctions against Plaintiff in the form of
9  evidence preclusion under FRCP 37(c)(1). Due to the time and expense incurred because of the non-
10  cooperative conduct of Plaintiff, Defendant requests under FRCP 37(c)(1)(A) it be awarded monetary
11  sanctions in the amount of $1216.00.

12

13              **II.    STATEMENT OF FACTS**

14      Plaintiff, Kenneth Jackson, alleges employment discrimination. Plaintiff, who worked as a
15  People Greeter at the Gilroy, California Wal-Mart, alleges he was terminated because of his age and
16  perceived disability. Plaintiff claims wrongful termination in violation of public policy, breach of
17  implied contract of continued employment, and breach of implied covenant of good faith and fair
18  dealing.

19      Plaintiff filed suit against Wal-Mart on February 17, 2007 in Santa Clara Superior Court. He
20  served Wal-Mart with the Summons and Complaint on September 18, 2007. While the case was in
21  state court, Defendant propounded Plaintiff with General Form Interrogatories Set No. One,
22  Employment Form Interrogatories Set No. One, Request for Production of Documents Set No. One,
23  and Request for Statement of Damages.

24      On December 18, 2007, Defendant had to file a Motion to Compel Plaintiff to respond to
25  Defendant's discovery requests. On February 1, 2008, Judge Socrates P. Manoukian of Santa Clara
26  County Superior Court granted Defendant's Motion to Compel Plaintiff to respond to discovery
27  requests and awarded Defendant sanctions in the amount of $610.00.

28  ///

1    On or about March 25, 2008, Defendant removed this action pursuant to the provisions of 28

2  U.S.C. § 1441(b) to the United States District Court, Northern District of California. (See,

3  Declaration of Shivani Sutaria, ¶ 3) Upon removal, the parties received an Order from Magistrate

4  Judge Richard Seeborg setting the Initial CMC and ADR Deadlines. The Order set the Initial CMC

5  for July 16, 2008 and required the parties to submit the CMC statement and to complete Disclosures

6  by July 9, 2008. (See, Declaration of Shivani Sutaria, ¶ 4, Judge Seeborg's Order attached as **Exhibit**

7  **A**) On March 31, 2008, Defendant declined to proceed before a Magistrate Judge and the case was

8  reassigned to Judge Jeremy Fogel. The Clerk's Notice of Reassignment to Judge Fogel stated that the

9  Initial CMC was continued to July 18, 2008. The Notice required the Joint CMC statement to be

10  submitted by July 8, 2008. (See, Declaration of Shivani Sutaria, ¶ 5, Reassignment Notice attached as

11  **Exhibit B**) Since Judge Seeborg's Order had indicated the parties needed to complete Disclosures by

12  the same day the Joint CMC was submitted to the court, Defendant believed this requirement also

13  applied to cases before Judge Fogel. As such, the parties needed to complete Disclosures by July 8,

14  2008.

15    The parties met and conferred regarding the Joint CMC statement on June 25, 2008, at which

16  time the parties agreed to serve Disclosures by July 8, 2008. (See, Declaration of Shivani Sutaria, ¶ 6)

17  The parties documented this agreement in the Joint CMC statement that was submitted to the court.

18  (See, Declaration of Shivani Sutaria, ¶ 6, Joint CMC statement attached as **Exhibit C**) Defendant

19  served Plaintiff with its Disclosures on July 3, 2008. (See, Declaration of Shivani Sutaria, ¶ 6,

20  Defendant's Disclosures and Proof of Service attached as **Exhibit D**) Plaintiff failed to serve its

21  Disclosures by July 8, 2008. On July 18, 2008, the parties attended the Initial CMC with Judge

22  Fogel. After the CMC, the parties met and conferred and Defendant told Plaintiff to serve the

23  Disclosures immediately. Plaintiff's attorney, Stuart Wilson, told Defendant's attorney, Shivani

24  Sutaria, that Plaintiff was his one witness and Defendant already possessed Plaintiff's relevant

25  documents, which Defendant had obtained through state discovery. Defendant informed Plaintiff that

26  such an oral statement was insufficient, and thus again requested that Plaintiff's Disclosures comply

27  with the requirements of FRCP 26 (a)(1) and be made in writing. (See, Declaration of Shivani Sutaria,

28  ¶ 7) Plaintiff still failed to provide the Disclosures.

On July 21, 2008, Defendant wrote Plaintiff a meet and confer letter, stating that if Plaintiff failed to serve Defendant its Disclosures by the end of business that day, we would seek judicial intervention. (See, Declaration of Shivani Sutaria, ¶ 8, Letter attached as **Exhibit E**)  Plaintiff failed to serve the Disclosures. As of the date of filing this Motion, Defendant has received no response from Plaintiff to the above mentioned Disclosures. (See, Declaration of Shivani Sutaria, ¶ 9)

The parties agreed to participate in an Early Neutral Evaluation. Judge Fogel issued an Order requiring the parties to participate in the ENE by September 24, 2008. A CMC with Judge Fogel has been set following the ENE, for October 3, 2008. Prior to the ENE, Defendant seeks to serve discovery requests on Plaintiff and to depose Plaintiff. In order to focus its discovery requests and deposition questions, Defendant needs to have Plaintiff's Disclosures.

Disclosures are a basic statutory requirement of litigation in federal court. Defendant has acted in good faith and served its Disclosures in a timely fashion. Defendant has repeatedly asked Plaintiff to comply with the federal rules, but Plaintiff has unjustifiably failed to do so. Therefore, in an effort to move this case forward, Defendant has no reasonable alternative but to proceed with this motion to compel and to request the imposition of sanctions in the form of evidence preclusion and reasonable attorney's fees and costs.

### III.    LEGAL ARGUMENTS

#### A. PLAINTIFF SHOULD BE COMPELLED TO SERVE INITIAL DISCLOSURES

FRCP 37(a) allows a party to bring a Motion to Compel Disclosures.    Specifically, FRCP 37(a)(3)(A) states, "If a party fails to make a disclosure required by Rule 26(a) any other party may move to compel disclosure and for appropriate sanctions." As required by FRCP 37(a)(1) and explained above in the "Statement of Facts", Defendant only brings this Motion after meeting and conferring in good faith to obtain the Disclosures from Plaintiff without court action.

FRCP 26 (a)(1) governs Disclosures. Rule 26(a)(1)(A) states a party must, without awaiting a discovery request, provide to the other party: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (ii) a copy of, or a description by

category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; and (iii) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.   On July 18, 2008, Plaintiff's attorney, Mr. Wilson, told Defendant's attorney, Ms. Sutaria, that Plaintiff was his one witness and Defendant already possessed Plaintiff's relevant documents, which Defendant obtained through state discovery. (See, Declaration of Shivani Sutaria, ¶ 7) Such an oral statement does not comply with the requirements of Rule 26(a)(1)(A)(i-iii), which requires specific information on witnesses, documents and damages.

FRCP 26 (a)(1)(C) states that the parties must make the Disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order.  Plaintiff failed to timely serve Defendant its Disclosures either by the stipulated date or by the statutory time limit.   First, Plaintiff stipulated and attested in the Joint CMC statement to serve Defendant its Disclosures by July 8, 2008.  Plaintiff failed to do so.  Second, Plaintiff failed to serve Defendant with the Disclosures at the Rule 26(f) CMC on July 18, 2008 or by August 1, 2008, which is 14 days after the CMC.

Judge Fogel did not issue an Order Setting the Initial CMC and ADR Deadlines after the case reassignment, however, a Clerk's Notice of Impending Reassignment set the initial CMC date and a Joint CMC statement deadline for July 8, 2008.  In the absence of an Order from Judge Fogel, Defendant relied on Judge Seeborg's original deadline Setting Order, which indicated the completion of Disclosures and submission of the Joint CMC shared the same deadline.  Thus, the parties needed to complete Disclosures by July 8, 2008 and when Plaintiff failed to do so, Plaintiff violated by a court-mandated deadline.

Under FRCP 26 (a)(1)(C), a party does not have to serve Disclosures if it objects during the conference that Disclosures are not appropriate in this action and states the objection in the proposed discovery plan.  Plaintiff failed to state an objection in the proposed discovery plan as articulated in

1   the Joint CMC Statement or at the Initial CMC.

2      FRCP (a)(1)(B)(i-ix) allows certain proceedings to be exempt from the Initial Disclosure

3 requirement. These include an action for review on an administrative record; a forfeiture action in

4 rem arising from a federal statute; a petition for habeas corpus or any other proceeding to challenge a

5 criminal conviction or sentence; an action brought without an attorney by a person in the custody of

6 the United States, a state, or a state subdivision; an action to enforce or quash an administrative

7 summons or subpoena; an action by the United States to recover benefit payments; an action by the

8 United States to collect on a student loan guaranteed by the United States; a proceeding ancillary to a

9 proceeding in another court; and an action to enforce an arbitration award. This is a civil employment

10 discrimination case, which is not one of the exempted actions stated above. Thus, FRCP 26 (a)(1)(B)

11 does not provide Plaintiff an excuse for failing to serve Defendant with its Disclosures.

12

13 **B. PLAINTIFF SHOULD BE SANCTIONED FOR FAILURE TO COMPLY WITH THE**

14      **FRCP 26(a)(1).**

15      FRCP 37(C)(1) allows for sanctions against a party who fails to make Disclosures.

16 Specifically, "if a party fails to provide information or identify a witness as required by Rule 26(a) or

17 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

18 hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or

19 instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may

20 order payment of the reasonable expenses, including attorney's fees, caused by the failure;(B) may

21 inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of

22 the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

23      Defendant seeks sanctions against Plaintiff for failing to serve Disclosures. Specifically,

24 Defendant requests the court prohibit any witnesses, documents, and information disclosed by Plaintiff

25 from serving as admissible evidence. If the court finds that Plaintiff's attorney's oral statement

26 regarding his witness and documents sufficiently satisfies the Disclosures requirement under FRCP

27 26(a)(1), then Defendant requests Plaintiff's admissible evidence be limited to the one witness and the

28 produced documents.

1       Defendant also respectfully requests that this Court sanction Plaintiff in the amount of

2   $1216.00, representing the fees and costs incurred by Defendant (and expected to be incurred) in

3   connection with the filing of this Motion. (See Declaration of Shivani Sutaria, ¶10).

4   ## IV. **CONCLUSION**

5       For the reasons explained above, Defendant WAL-MART STORES, INC. respectfully

6   requests the Court issue an Order compelling Plaintiff KENNETH JACKSON to serve Initial

7   Disclosures in writing within 7 days. Defendant seeks sanctions against Plaintiff in the form of

8   evidence preclusion of any witnesses and information produced by Plaintiff. In the alternative, if the

9   court finds Plaintiff's oral statement regarding his one witness and documents sufficiently satisfies the

10  Disclosures requirement under FRCP 26(a)(1), then Defendant requests the court to limit Plaintiff's

11  witness to Kenneth Jackson and to those documents already produced during state court discovery.

12      Defendant also respectfully requests that this Court sanction Plaintiff in the amount of

13  $1216.00, representing the fees and costs incurred by Defendant (and expected to be incurred) in

14  connection with the filing of this Motion. (See Declaration of Shivani Sutaria, ¶10). Defendant seeks

15  this monetary sanction even if Plaintiff serves the Disclosures before the hearing date as Defendant

16  has already incurred fees and costs in preparing this Motion.

17

18  Dated: August 7, 2008             PHILLIPS, SPALLAS & ANGSTADT LLP

19

20                               Gregory L. Spallas

21                               Shivani Sutaria
                             Attorneys for Wal-Mart Stores, Inc.

22

23

24

25

26

27

28

1
## PROOF OF SERVICE BY MAIL
2
### Kenneth Jackson v. Wal-Mart Stores, Inc.
3
### US District Court Norther District of California - #5:08-CV-01670-JFRS
4
I, the undersigned, declare:
5
That I am employed in the City and County of San Francisco, State of California; that I
6
am over the age of eighteen years and not a party to the within cause; that my business address is
7
650 California Street, Tenth Floor, San Francisco, California 94108.
8
That on August 7, 2008, I served the within:
9
1)    **DECLARATION OF SHIVANI SUTARIA IN SUPPORT OF MOTION TO**
10
**COMPEL AND REQUEST FOR MONETARY SANCTIONS**
11
2)    **DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND**
12
**AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**
13
**INITIAL DISCLOSURES AND REQUEST FOR SANCTIONS**
14
3)    **NOTICE OF MOTION AND MOTION TO COMPEL INITIAL DISCLOSURES**
15
**AND REQUEST FOR SANCTIONS**
16
4)    **[PROPOSED] ORDER**
17
on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope
18
with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set
19
forth below in accordance with ordinary business practices for deposit with the United State
20
Postal Service in San Francisco, California.  I am readily familiar with my office business
21
practice for collection and processing of correspondence for mailing and the within
22
correspondence will be deposited with the United States Postal Service this date in the ordinary
23
course of business.
24
Stuart Wilson
1671 The Alameda, Suite 300
San Jose, CA 95126
25
26
I declare under penalty of perjury under the laws of the State of California that the
27
foregoing is true and correct.  Executed on August 7, 2008, at San Francisco, California.
28

Joseph Clark