1  **Gregory L. Spallas, SBN 129306**
   **Shivani Sutaria, SBN 249942**
2  PHILLIPS, SPALLAS & ANGSTADT LLP
   650 California Street, Tenth Floor
3  San Francisco, California 94108
   Tel:    (415) 278-9400
4  Fax:    (415) 278-9411

5  Attorneys for Defendant
   WAL-MART, STORES, INC., (erroneously
6  sued herein as WAL-MART, INC.)

7                     **UNITED STATES DISTRICT COURT**

8                     **NORTHERN DISTRICT OF CALIFORNIA**

9

10 KENNETH JACKSON,                         Case No.  5:08-cv-01670-JF RS

11                                          **DECLARATION OF SHIVANI**
                                            **SUTARIA IN SUPPORT OF MOTION**
12          Plaintiff,                      **TO COMPEL AND REQUEST FOR**
                                            **MONETARY SANCTIONS**
13      vs.
                                            **Date:   September 10, 2008**
14 WAL-MART, INC.,                          **Time:   9:30 a.m.**
                                            **Judge:  Richard Seeborg**
15          Defendant.                      **Room:  4**

16

17

18 I, Shivani Sutaria, hereby declare:

19      1.      I am an attorney duly licensed to practice law in the State of California and am an

20 associate   in the law firm of Phillips, Spallas & Angstadt LLP, attorneys of record herein for

21 Defendant WAL-MART STORES, INC. in the above-captioned case.

22      2.      I have personal knowledge of the matters set forth herein, and if called upon as a

23 witness could competently testify thereto.

24      3.      On or about March 25, 2008, Defendant removed this action pursuant to the provisions

25 of 28 U.S.C. § 1441(b) to the United States District Court, Northern District of California.

26      4.      Upon removal, the parties received an Order from Magistrate Judge Richard Seeborg

27 Setting the Initial CMC and ADR Deadlines.  The Order set the Initial CMC for July 16, 2008 and

28 required the parties to submit the CMC statement and to complete Disclosures by July 9, 2008.  A true

1    and correct copy of Judge Seeborg's Order is attached hereto as **Exhibit A**.

2         5.     On March 31, 2008, Defendant declined to proceed before a Magistrate Judge and the

3    case was reassigned to Judge Jeremy Fogel.  The Clerk's Notice of Reassignment to Judge Jeremy

4    Fogel stated that the Initial CMC was continued to July 18, 2008.  The Notice required the Joint CMC

5    statement to be submitted by July 8, 2008.  A true and correct copy of Reassignment Notice is

6    attached hereto as **Exhibit B**.    In the absence of an Order from Judge Fogel, Defendant relied on

7    Judge Seeborg's original deadline Setting Order, which indicated the completion of Disclosures and

8    submission of the Joint CMC shared the same deadline.

9         6.     On June 25, 2008, the parties met and conferred regarding the Joint CMC statement

10    and agreed to serve Disclosures by July 8, 2008.  The agreement was stated in the signed Joint CMC

11    statement that was submitted to the court.  A true and correct copy of Joint CMC statement is attached

12    hereto as **Exhibit C**.  Defendant served Plaintiff with its Disclosures on July 3, 2008.  A true and

13    correct copy of Defendant's Disclosures and Proof of Service is attached hereto as **Exhibit D**.

14    Plaintiff failed to serve its Disclosures by July 8, 2008.

15         7.     On July 18, 2008, the parties attended the Initial CMC with Judge Fogel. After the

16    CMC, the parties met and conferred and Defendant told Plaintiff to serve the Disclosures immediately.

17    Plaintiff's attorney, Stuart Wilson, told Defendant's attorney, Shivani Sutaria, that his only witness

18    was Plaintiff and Defendant already possessed Plaintiff's relevant documents, which Defendant had

19    obtained through state discovery.  Defendant informed Plaintiff that such an oral statement was

20    insufficient, and thus again requested that Plaintiff's Disclosures be made in writing.

21         8.     On July 21, 2008, Defendant wrote Plaintiff a meet and confer letter, stating that if

22    Plaintiff failed to serve us with its Disclosures by the end of business that day, we would seek judicial

23    intervention.  A true and correct copy of the Letter is attached hereto as **Exhibit E**.  Plaintiff failed

24    serve the Disclosures.

25         9.     As of the date of filing this motion, this office has received no response from Plaintiff

26    to the above mentioned Disclosures.

27         10.    The following expenditures have been and shall be incurred by Defendant in seeking

28    responses to the discovery requests:

1             ‣     Draft Memorandum of Points and Authorities in Support of Motion to Compel,

2                     Declaration of Shivani Sutaria                  [2.9 hrs]

3             ‣     Review Opposition to motion and prepare Reply     [2.0 hrs]

4             ‣     Attend and argue Motion to Compel           [1.5 hrs]

5        At our regular hourly rate of $190/hour, Defendants will incur expenses in excess of

6 $1,216.00.

7        I declare under penalty of perjury under the laws of the Sate of California that the foregoing is

8 true and correct and my own personal knowledge and this declaration was executed on August 7,

9 2008.

11 Dated: August 7, 2008

13                             PHILLIPS, SPALLAS & ANGSTADT LLP

14                             Shivani Sutaria

15                             Attorney for Wal-Mart Stores, Inc.

**PROOF OF SERVICE BY MAIL**

**Kenneth Jackson v. Wal-Mart Stores, Inc.**

**US District Court Norther District of California - #5:08-CV-01670-JFRS**

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 650 California Street, Tenth Floor, San Francisco, California 94108.

That on August 7, 2008, I served the within:

1)    **DECLARATION OF SHIVANI SUTARIA IN SUPPORT OF MOTION TO COMPEL AND REQUEST FOR MONETARY SANCTIONS**

2)    **DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL INITIAL DISCLOSURES AND REQUEST FOR SANCTIONS**

3)    **NOTICE OF MOTION AND MOTION TO COMPEL INITIAL DISCLOSURES AND REQUEST FOR SANCTIONS**

4)    **[PROPOSED] ORDER**

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth below in accordance with ordinary business practices for deposit with the United State Postal Service in San Francisco, California. I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

Stuart Wilson
1671 The Alameda, Suite 300
San Jose, CA 95126

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 7, 2008, at San Francisco, California.

Joseph Clark

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

08 MAR 27 PM 2: 15

CLERK
U.S. DISTRICT COURT

KENNETH JACKSON,

Plaintiff(s),

v.

WAL-MART, INC.,

Defendant(s).

No. C 08-01670 RS

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Richard Seeborg. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 3/27/2008 | Notice of removal filed | |
| 6/25/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 7/9/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 7/16/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 4, 5th Floor, SJ at 2:30 PM | Civil L.R. 16-10 |

*   If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# Exhibit B

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

KENNETH JACKSON,                                C 08-01670 RS

                        Plaintiff(s),        **CLERK'S NOTICE OF**
**IMPENDING REASSIGNMENT**
**TO A UNITED STATES**
**DISTRICT JUDGE**

VS.

WAL-MART STORES, INC.,

                    Defendant(s).

_____

       The Clerk of this Court will now randomly reassign this case to a United States District Judge because one or more of the parties has requested reassignment to a United States District Judge or has not consented to jurisdiction by a Magistrate Judge.

       PLEASE TAKE NOTICE that a Case Management Conference in the above-entitled matter which was previously set for July 16, 2008 before the Honorable Judge Richard Seeborg has been continued to **July 18, 2008 @ 10:30 a.m.,** before the Honorable Judge Jeremy Fogel. Parties are to appear in courtroom #3, 5th floor of the U.S. Courthouse, 280 South First Street, San Jose, California. Parties are to submit a Joint Case Management Statement on July 8, 2008.

       If the above-entitled matter settles counsel are required to notify the Court by contacting the Courtroom Deputy at (408) 535-5166, to take this matter off calendar.

Dated: April 8, 2008                    RICHARD W. WIEKING,
                                   Clerk of Court

                                   /s/_____
                                   Martha Parker Brown
                                   Deputy Clerk

Exhibit C

1  **Gregory L. Spallas, SBN 129306**
   **Shivani Sutaria, SBN 249942**
2  PHILLIPS, SPALLAS & ANGSTADT LLP
   650 California Street, Tenth Floor
3  San Francisco, California 94108
   Tel:    (415) 278-9400
   Fax:    (415) 278-9411
4

5  Attorneys for Defendant
   WAL-MART STORES, INC.

6  **Stuart M. Wilson, SBN 94633**
   Law Offices of Stuart M. Wilson
7  1671 The Alameda, Suite 300
   San Jose, California CA
8
   Attorney for Plaintiff
9  KENNETH JACKSON

10

11

12                    **UNITED STATES DISTRICT COURT**

                      **NORTHERN DISTRICT OF CALIFORNIA**
13

14  KENNETH JACKSON                    Case No.  5:08-cv-01670-JF

15            Plaintiff,

16                                      **JOINT CASE MANAGEMENT**
                                        **STATEMENT**
    v.
17
    WAL-MART STORES, INC.
18                                      **DATE:   July 18, 2008**
              Defendant.               **TIME:   10:30 a.m.**
19                                      **CTRM 10:   Judge J. Fogel**

20

21

22        Defendant WAL-MART STORES INC. (hereinafter "Wal-Mart" or "Defendant") and

23  Plaintiff KENNETH JACKSON (hereinafter "Plaintiff") hereby submit this Joint Case Management

24  Statement.

25                    **JURISDICTION AND SERVICE**

26        On or about February 15, 2007, Plaintiff filed this action in the Superior Court of the State of

27  California in and for the County of Santa Clara.  Defendant was properly served on or about

28  September 18, 2007 through its registered agent with a copy of the Summons and Complaint.

On or about March 25, 2008, Defendant removed this action pursuant to the provisions of 28 U.S.C. § 1441(b) to the United States District Court, Northern District of California. This court now has original jurisdiction pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the matter in controversy may exceed the sum of $75,000, exclusive of interest and costs. Plaintiff is a citizen of the State of California. Defendant is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of Arkansas. Wal-Mart is the only Defendant named in this action and the only Defendant that has been served with the Summons and Complaint.

Plaintiff contends this court does not have jurisdiction over the case because removal was not effected within one year of filing the complaint as required by 28 USC 1446(b).

## FACTS

Plaintiff alleges employment discrimination. Wal-Mart hired Plaintiff on June 10, 1996, when he was 71 years old, as a People Greeter. His primary responsibilities were to greet customers as they arrived and exited the store, stop customers who activated the alarm and check their receipt with the merchandise, respond to customer questions, and monitor entrance and exit for signs of shrink and security risks. On February 21, 2005, Plaintiff was allegedly rude and abusive towards customers and Defendant terminated him for gross misconduct. After his termination, Plaintiff exercised Wal-Mart's "Open Door" policy, appealing his termination to members of management at numerous levels above the store. Wal-Mart offered to re-hire him at the Mountain View, California store at the new-hire rate, which was less than his previous rate. Plaintiff refused the job offer.

Plaintiff alleges in his Complaint that he was terminated because of his age and perceived disability. Plaintiff claims wrongful termination in violation of public policy, breach of implied contract of continued employment, and breach of implied covenant of good faith and fair dealing.

## LEGAL ISSUES

The critical legal issue is whether Wal-Mart engaged in age and perceived disability discrimination when it terminated Plaintiff for rude and abusive behavior towards customers. The other legal issue is whether an implied contract of continued employment existed as Plaintiff alleges,

1  and if it did, whether Wal-Mart breached the contract when it terminated Plaintiff.  If an implied

2  contract existed, another legal issue is whether Wal-Mart breached the contract's implied covenant of

3  good faith and fair dealing when it terminated Plaintiff.   If Plaintiff amends the Complaint, a legal

4  issue will be whether Wal-Mart breached its obligation to allow Plaintiff to maintain his life insurance

5  policy.

6  ### MOTIONS

7        On December 18, 2007, Defendant filed a Motion to Compel Plaintiff to respond to

8  Defendant's General Form Interrogatories Set No. One, Employment Form Interrogatories Set No.

9  One, Request for Production of Documents Set No. One, and Request for Statement to Damages.

10  Defendant also filed a Request for Monetary Sanctions.  On February 1, 2008, Judge Socrates P.

11  Manoukian of Santa Clara County Superior Court granted Defendant's Motion to Compel Plaintiff to

12  respond to discovery requests and awarded Defendant sanctions in the amount of $610.00.

13        On or about March 25, 2008, Defendant removed this action pursuant to the provisions of 28

14  U.S.C. § 1441(b) to the United States District Court, Northern District of California.

15        Plaintiff may bring a Motion to Remand to state court.

16  ### AMENDMENT OF PLEADINGS

17        The parties do not anticipate amending the pleadings.  Plaintiff may amend to allege breach of

18  life insurance contract.

19  ### EVIDENCE PRESERVATION

20        The parties are aware of its duty to preserve evidence that is relevant or reasonably calculated

21  to lead to the discovery of admissible evidence.

22  ### DISCLOSURES

23        The parties will timely comply with the initial disclosure requirements of Fed. R. Civ. P. 26

24  (a)(1) by serving initial disclosures by July 8, 2008.

25  ### DISCOVERY

26        The parties commenced discovery when the action was in state court.  On October 19, 2007,

27  Defendant served Plaintiff with General Form Interrogatories Set No. One, Employment Form

28  Interrogatories Set No. One, Request for Production of Documents Set No. One.  On October 30,

2007, Defendant also served Plaintiff with a Request for a Statement of Damages.  Upon not receiving discovery responses from Plaintiff and attempts to meet and confer, Defendant filed a Motion to Compel Responses and a Request for Monetary Sanctions on December 18, 2007.  Following the Court's granting of Defendant's Motion to Compel, Plaintiff provided Defendant with discovery responses on March 5, 2008.  However, Defendant found the responses to be incomplete and vague.  Defendant wrote counsel a meet and confer letter on April 1, 2008 demanding complete responses.

On December 20, 2008, Plaintiff served Defendant with Request for Production of Documents Set No. One.  Following meeting and conferring on Plaintiff's requests, Defendant served Plaintiff with discovery responses on February 8, 2008.  On March 6, 2008, Plaintiff served Defendant with Form-General Interrogatives Set One, Form-Employment Interrogatories Set One and Request for Production of Documents Set No. Two.  The action was removed shortly thereafter, and discovery has been placed on hold until the Initial Case Management Conference, and thus Plaintiff has not received these responses yet.

The parties expects to conduct written discovery on liability and damages issues.  The parties anticipated discovery is as follows:

1. **Rule 26(a) disclosures**

The parties will serve initial disclosures by July 8, 2008.

2. **Discovery Subjects**

The parties will conduct discovery based on the allegations and defenses set forth in the pleadings.  Defendant will conduct discovery as to the factual evidence and witnesses Plaintiff contends supports his claims, and the amount and extent of plaintiff's claimed damages.

<u>**CLASS ACTIONS**</u>

Not applicable.

<u>**RELATED CASES**</u>

Not applicable.

<u>**RELIEF**</u>

According to Plaintiff's response to Defendant's Request for Statement of Damages, Plaintiff seeks $324,856.00 in damages ($200,000 for loss of life insurance, $100,000 for pain and suffering,

1  and $24,856 for loss of earnings as of March 2, 2008).

2
### SETTLEMENT AND ADR

3        Per ADR Local Rule 3-5, Defendant attempted to meet and confer with Plaintiff regarding

4  ADR prior to the June 24, 2008 deadline to file the ADR documents with the court.  Defendant filed

5  the ADR Certification and Notice for Need for ADR Phone Conference on June 24, 2008.   On June

6  25, 2008, the parties met and conferred regarding ADR and agreed to participate in an early neutral

7  evaluation (ENE).  Accordingly, Defendant filed with the court the parties' Stipulation to participate

8  in an ENE and a Proposed Order.  The Honorable Judge Fogel issued an Order on June 26, 2008

9  requiring the parties to participate in an ENE within 90 days of the Order.

10
### CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

11        On March 31, 2008, Defendant filed a declination to proceed before Magistrate Judge Richard

12  Seeborg.

13
### OTHER REFERENCES

14  Not suitable for binding arbitration.

15
### NARROWING OF ISSUES

16  The parties have not yet discussed narrowing of issues.

17
### EXPEDITED SCHEDULE

18  Not applicable.

19
### SCHEDULING

20  Defendant requests the following pre-trial and trial dates:

21  Last day to complete non-expert discovery:          November 7, 2008

22  Expert Disclosure                                   November 26, 2008

23  Supplemental Expert Disclosure:                     December 12, 2008

24  Last day to complete Expert Discovery:              January 9, 2009

25  Last day for hearing on non-dispositive motions:    January 16, 2009

26  Last day for hearing on dispositive motions:        February 20, 2009

27  Pre-Trial Conference                                March 13, 2009

28  Trial:                                              April 13, 2009

1  //
2  //
3  //
4  //
5  //
6  //
7  //

## TRIAL

Defendant requests a trial by jury and expect that trial will last three to five days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Not at this time.

Respectfully submitted,

Dated:  July 3, 2008

PHILLIPS, SPALLAS & ANGSTADT LLP

Gregory L. Spallas
Shivani Sutaria
Attorneys for Defendant
WAL-MART STORES INC.

LAW OFFICES OF STUART M. WILSON

Stuart M. Wilson
Attorney For Plaintiff
KENNETH JACKSON

**PROOF OF SERVICE BY MAIL**

**Kenneth Jackson v. Wal-Mart Stores, Inc.**

**US District Court Norther District of California - #5:08-CV-01670-JF9**

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 650 California Street, Tenth Floor, San Francisco, California 94108.

That on July 3, 2008, I served the within:

**1)    JOINT CASE MANAGEMENT STATEMENT**

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth below in accordance with ordinary business practices for deposit with the United State Postal Service in San Francisco, California.  I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

Stuart Wilson
1671 The Alameda, Suite 300
San Jose, CA 95126


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 3, 2008, at San Francisco, California.

Joseph Clark

# Exhibit D

Gregory L. Spallas, SBN 129306
**Shivani Sutaria, SBN 249942**
PHILLIPS, SPALLAS & ANGSTADT LLP
650 California Street, Tenth Floor
San Francisco, California 94108
Tel:     (415) 278-9400
Fax:     (415) 278-9411

Attorneys for Defendant
WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JACKSON<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>        Defendant | Case No.  5:08-cv-01670-JF<br><br>**DEFENDANT'S INITIAL DISCLOSURE STATEMENT**<br><br>**[F.R.C.P. 26(a)(1)]**<br><br>INITIAL CMC DATE:   July 18, 2008<br>TIME:   10:30 a.m.<br>CTRM 10:   Judge J. Fogel |

        Defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart" or "Defendant")  hereby submits this

Initial Disclosure Statement pursuant to Federal Rule of Civil Procedure 26(a)(1).  Wal-Mart hereby

reserves the right to supplement and amend this Statement as this matter progresses and additional

information relevant to the claims at issue in this action becomes available.  Wal-Mart also reserves

the right to disclose experts and rebuttal witnesses.

//

1    **Rule 26(a)(1)(A): the name and, if known, the address and telephone number of each individual**

2    **likely to have discoverable information that the disclosing party may use to support its claims or**

3    **defenses, unless solely for impeachment, identifying the subjects of the information:**

4    - Plaintiff (address and telephone number known to Plaintiff).

5    - Mickey Luna, witness, Hollister, California, may testify regarding Plaintiff's incident with

6      customers on February 21, 2005.

7        The following Wal-Mart employees will likely have information regarding the described

8    subjects. These individuals may be contacted through Wal-Mart's counsel of record:

9    - Kenneth Higgins, Wal-Mart Gilroy Store Manager in 2005, Centerville, Missouri, may testify

10     regarding investigation into Plaintiff's incident with customers on February 21, 2005 and

11     Plaintiff's termination on February 25, 2005, and Wal-Mart policies and procedures.

12   - Charles VanEvery, Wal-Mart Gilroy Co-Manager in 2005, San Jose, California, may testify

13     regarding investigation into Plaintiff's incident with customers on February 21, 2005,

14     Plaintiff's termination on February 25, 2005, and Wal-Mart policies and procedures.

15   - Mike Reddington, Wal-Mart Gilroy Assistant Manager in 2005, Gilroy, California, may testify

16     regarding Plaintiff's work and performance history and Wal-Mart policies and procedures.

17   - John Portulano, Wal-Mart Gilroy Assistant Manager in 2005, Hobbs, New Mexico, may

18     testify regarding investigation into Plaintiff's incident with customers on February 21, 2005

19     and Wal-Mart policies and procedures.

20   - Henry Jordan, Wal-Mart Regional Vice-President in 2005, Roseville, California, may testify

21     regarding Plaintiff's "Open Door" appeal to his termination, Wal-Mart's offer and Plaintiff's

22     rejection of re-hire, and Wal-Mart policies and procedures.

23   **Rule 26(a)(1)(B): copy of, or a description by category and location of, all documents, data**

24   **compilations, and tangible things that are in the possession, custody, or control of the party and**

25   **that the disclosing party may use to support its claims or defenses, unless solely for**

26   **impeachment:**

27     1.    Documents in Plaintiff's personnel file and medical file.

28     2.    Documents related to Plaintiff's life insurance policy enrollment, coverage and

benefits.

3.   Witness statements regarding Plaintiff's rude and abusive behavior to customers on February 21, 2005.

4.   Investigation notes into Plaintiff's rude and abusive behavior to customers on February 21, 2005.

5.   Wal-Mart Associate Handbook and Associate Benefits Handbook from 1996 through 2005 (copies of which will only be produced upon execution by plaintiff of a Protective Order, a copy of which has already been provided to Plaintiff's counsel).

6.   Wal-Mart policies and training materials regarding basic beliefs, harassment and discrimination, reasonable accommodations for disabilities and non-ADA qualifying medical conditions, customer service, loss prevention, Coaching for Improvement policy, and Open Door policy (copies of which will only be produced upon execution by plaintiff of a Protective Order, a copy of which has already been provided to Plaintiff's counsel).

7.   Curriculum for various Computer Based Learning (CBLs) taken by Plaintiff(copies of which will only be produced upon execution by plaintiff of a Protective Order, a copy of which has already been provided to Plaintiff's counsel).

8.   Documents related to Plaintiff's discrimination charge filed on September 13, 2005 with the Department of Fair Employment and Housing (Case No. E200506G0186-00-ape).

**Rule 26(a)(1)(C):a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Not applicable to Defendant.

///

///

///

**Rule 26(a)(1)(D):** for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

None as Defendant is self-insured for all applicable claims in this matter.

Dated: July 3, 2008

PHILLIPS, SPALLAS & ANGSTADT LLP

_____

Gregory L. Spallas
Shivani Sutaria
Attorneys for Defendant
WAL-MART STORES INC.

1

## PROOF OF SERVICE BY MAIL

2

### Kenneth Jackson v. Wal-Mart Stores, Inc.

3

### US District Court Norther District of California - #5:08-CV-01670-JF9

4

I, the undersigned, declare:

5

That I am employed in the City and County of San Francisco, State of California; that I

6

am over the age of eighteen years and not a party to the within cause; that my business address is

7

650 California Street, Tenth Floor, San Francisco, California 94108.

8

That on July 3, 2008, I served the within:

9

**1)      DEFENDANT'S INITIAL DISCLOSURE STATEMENT**

10

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope

11

with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set

12

forth below in accordance with ordinary business practices for deposit with the United State

13

Postal Service in San Francisco, California.  I am readily familiar with my office business

14

practice for collection and processing of correspondence for mailing and the within

15

correspondence will be deposited with the United States Postal Service this date in the ordinary

16

course of business.

17

Stuart Wilson
18
1671 The Alameda, Suite 300
San Jose, CA 95126
19

20

21

I declare under penalty of perjury under the laws of the State of California that the

22

foregoing is true and correct.  Executed on July 3, 2008, at San Francisco, California.

23

Joseph Clark

24

25

26

27

28

Exhibit E

**PSA** **Phillips Spallas & Angstadt LLP**

ROBERT K. PHILLIPS
GREGORY L. SPALLAS
TODD A. ANGSTADT
KRISTIN L. OLIVEIRA
KATHERINE A. MUNTER
BRENDA H. ENTZMINGER ◦
BRADLEY J. JAMESON
ELISA RHEIN MARCALETTI
MICHAEL R. HALVORSEN
KATHY K. LEE
KRISTI A. WALTON
ERIN J. ILLMAN
CANDICE A. MULLINGS
ALEXANDER A. GUILLEN
SWETA H. PATEL
BRANDON P. SMITH*
RICHARD J. MAY◊
MAIJA O. HEFFERNON ₊
SHIVANI SUTARIA
JORGE L. SANCHEZ*
SANG I. REID*

**Of Counsel**
JAMES L. GHIDELLA
CARON L. STAPLETON

*ADMITTED IN CALIFORNIA & NEVADA
◦ADMITTED IN NEVADA
◊ADMITTED IN CALIFORNIA, NEW YORK &
DISTRICT OF COLUMBIA
₊ADMITTED IN CALIFORNIA & NEW YORK

**Reply to San Francisco Office**

July 21, 2008

<u>Via U.S. Mail and Facsimile at 408/293-0714</u>
Mr. Stuart M. Wilson
Law Offices of Stuart M. Wilson
1671 The Alameda, Suite 300
San Jose, California 95126

          **Re:**   *Kenneth Jackson w. v. Wal-Mar Stores, Inc.,*
                    **Case No. 5:08-cv-01670-JF**

Dear Mr. Wilson:

       It was a pleasure meeting you on Friday July 18 at the CMC. I write to follow-up on our conversation after the CMC. First, you need to serve us with your initial disclosures immediately. If we do not receive the initial disclosures by today at 5:00 p.m., Defendant will seek to preclude Plaintiff's use of any witnesses and documents disclosed pursuant to FRCP 37(c)(1).

       Second, in order to produce all documents that Plaintiff seeks, we will wait for Plaintiff's formal request for production of documents instead of providing copies of documents identified in Defendant's initial disclosures. In an effort to expedite the production of documents, we enclose here a suggested Protective Order. My client will only produce certain responsive documentation once the parties agree upon a protective order. In particular, Wal-Mart will produce confidential policies, procedures, and personnel files, which are currently not in the public domain, after plaintiff has agreed to the terms of an appropriate Protective Order. We believe the terms of this proposed order are straightforward. Both state and federal courts have accepted similarly-styled protective orders.

SAN FRANCISCO
650 CALIFORNIA STREET
10TH FLOOR
SAN FRANCISCO, CA 94108
(415) 278-9400
FAX: (415) 278-9411

PHILLIPS, SPALLAS & ANGSTADT LLC
LAS VEGAS
504 S. NINTH STREET
LAS VEGAS, NV 89101
(702) 938-1510
FAX: (702) 938-1511

LOS ANGELES
1875 CENTURY PARK EAST
SUITE 1050
LOS ANGELES, CA 90067
(310) 407-3017
FAX: (310) 772-0023

WWW.PSALAW.NET

Third, Defendant will be re-serving Plaintiff with interrogatories and production of documents that were vaguely and incompletely answered during state court discovery. Defendant will seek to depose Plaintiff and possibly Plaintiff's wife in the near future.

Please feel free to contact me with any questions, and I look forward to your thoughts. Thank you.

Very truly yours,

**PHILLIPS, SPALLAS & ANGSTADT LLP**

Shivani Sutaria

SS:jmc
Encl. (Via U.S. Mail only)