Gregory L. Spallas, SBN 129306
Shivani Sutaria, SBN 249942
PHILLIPS, SPALLAS & ANGSTADT LLP
650 California Street, Tenth Floor
San Francisco, California 94108
Tel:  (415) 278-9400
Fax:  (415) 278-9411

Attorneys for Defendant
WAL-MART, STORES, INC., (erroneously
sued herein as WAL-MART, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JACKSON,<br><br>            Plaintiff,<br><br>vs.<br><br>WAL-MART, INC.,<br><br>            Defendant. | Case No.  5:08-cv-01670-JF RS<br><br>**DEFENDANT WAL-MART STORES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL INITIAL DISCLOSURES AND REQUEST FOR SANCTIONS**<br><br>Date:  **September 10, 2008**<br>Time:  **9:30 a.m.**<br>Judge:  **Magistrate Richard Seeborg**<br>Room:  **4** |

## I. INTRODUCTION

Defendant WAL-MART STORES, INC. (hereinafter "Wal-Mart" or "Defendant") respectfully submits the following Reply to Plaintiff's Opposition to Defendant's Motion to Compel Plaintiff KENNETH JACKSON's (hereinafter "Plaintiff") Initial Disclosures. Almost two weeks after Defendant filed this Motion to Compel, Plaintiff served Defendant with his Initial Disclosures. Defendant requests the Court not dismiss the Motion based on a counting miscalculation with respect to the calendaring of the hearing date, and to consider the arguments for Sanctions on its substantive merits. In the alternative, if the court is not inclined to hear this Motion on the substantive merits on September 10, 2008 due to Defendant's calendaring error, Defendant requests the court re-set the hearing date to allow 35 days of notice.

## II. STATEMENT OF FACTS

On August 7, 2008, Defendant filed a Motion to Compel Plaintiff's Initial Disclosures (hereinafter "Disclosures") as Plaintiff had failed to serve Defendant with his Disclosures as required by FRCP 26 (a)(1). Defendant set the Motion to Compel hearing before Magistrate Judge Richard Seeborg on September 10, 2008. Defendant simultaneously served Plaintiff with the Motion to Compel and its accompanying documents.

On August 20, 2008, Plaintiff served Defendant with his Disclosures, approximately six weeks after the date he stipulated to serve Defendant in the Joint Case Management Conference (hereinafter "CMC") statement submitted to the court. Plaintiff served Defendant with his untimely Disclosures only in response to Defendant's Motion to Compel. (See, Declaration of Shivani Sutaria, ¶5, Plaintiff's Disclosures and Proof of Service attached as **Exhibit A**) Later that same day, Plaintiff filed an Opposition to Defendant's Motion to Compel Disclosures based on Defendant filing and serving the Motion thirty-four (34) days prior to the hearing date.

Defendant made a minor counting miscalculation that resulted in the hearing being set 34 days, instead of 35 days, after filing and service of the Motion. Defendant respectfully requests the Court not dismiss this Motion based on this minor error, and to evaluate the substantive arguments of this Motion. As the purpose behind Local Civil Rule 7-2 is to provide the opposing party with adequate notice, Defendant believes the one less day provided to Plaintiff due to the counting mistake did not harm Plaintiff's ability to receive, evaluate and respond to the Motion.

Even though Plaintiff recently served Disclosures, Defendant still seeks sanctions against Plaintiff and requests the Court hear and decide the substantive aspects of this issue at the September 10, 2008 hearing. If the court is not inclined to hear this Motion on the substantive merits on September 10, 2008 due to Defendant's calendaring miscalculation, Defendant requests the court re-set the hearing date to allow 35 days of notice.

//
//
//
//

### III. LEGAL ARGUMENTS

#### A. PLAINTIFF'S HISTORY OF FAILURE TO TIMELY RESPOND AND COMPLY WITH RULES

Throughout the course of this case, Plaintiff has repeatedly failed to timely respond and comply with his procedural requirements. Nevertheless, Defendant has consistently attempted to meet and confer with Plaintiff on each and every issue to avoid judicial intervention. However, in an effort to defend against Plaintiff's allegations, Defendant has already once been forced to file a Motion to Compel discovery responses while the case was in state court. The Court granted Defendant's Motion and further awarded $610.00 in sanctions against Plaintiff as a result of that Motion. More recently and consistent with his past behavior throughout his handling of this matter, Plaintiff's attorney, Mr. Stuart Wilson, failed to comply with ADR Local Rule 5-7 by not appearing at the August 15, 2008 pre-ENE telephone conference between the evaluator and all parties.

#### B. PLAINTIFF SHOULD BE SANCTIONED FOR FAILURE TO COMPLY WITH THE FRCP 26(a)(1).

Disclosures are a basic statutory requirement of litigation in federal court. As discussed in Defendant's Memorandum of Points and Authorities in Support of is Motion to Compel Disclosures, Defendant acted in good faith and served its Disclosures in a timely fashion on July 3, 2008. Plaintiff failed to serve the Disclosures in writing by the date stipulated in the Joint CMC statement, at the initial CMC, or within 14 days after the initial CMC.

Plaintiff finally served his Disclosures on August 20, 2008 in direct response to this Motion to Compel. Plaintiff's Disclosures are not based on information then reasonably available to it as required by FRCP (a)(1)(E); Plaintiff states in the Disclosures the loss of earnings is estimated at $24,856. Plaintiff provided this exact number as its loss of earnings on March 2, 2008 in its Statement of Damages. (See, Declaration of Shivani Sutaria, ¶6, Plaintiff's Statement of Damages attached as **Exhibit B**) Thus, Plaintiff failed to perform lost wages calculation for March 2, 2008 through August 20, 2008, and to provide Defendant that amount in its Disclosures.

FRCP 37(C)(1) allows for sanctions against a party who fails to comply with FRCP 26(a)(1). Accordingly, Defendant respectfully requests that this Court award monetary sanctions against Plaintiff in the amount of $1216.00, representing the fees and costs incurred by Defendant (and expected to be incurred) in connection with the filing of this Motion. Defendant believes Plaintiff's pattern of non-responsiveness, untimely actions, and disregard of the rules will only come to an end through the imposition of sanctions.

## IV. CONCLUSION

For the reasons explained above, Defendant WAL-MART STORES, INC. respectfully requests the Court not dismiss the Motion based on the calendaring miscalculation. If the Court decides to hear the substitutive aspects of the Motion on the September 10, 2008 hearing, Defendant respectfully requests that this Court sanction Plaintiff in the amount of $1216.00, representing the fees and costs incurred by Defendant (and expected to be incurred) in connection with the filing of this Motion. (See Declaration of Shivani Sutaria, ¶8).

Dated: August 25, 2008          PHILLIPS, SPALLAS & ANGSTADT LLP

                                _____
                                Gregory L. Spallas
                                Shivani Sutaria
                                Attorneys for Wal-Mart Stores, Inc.

- 4 -

**PROOF OF SERVICE BY MAIL**

**Kenneth Jackson v. Wal-Mart Stores, Inc.**

**US District Court Norther District of California - #5:08-CV-01670-JFRS**

I, the undersigned, declare:

That I am employed in the City and County of San Francisco, State of California; that I am over the age of eighteen years and not a party to the within cause; that my business address is 650 California Street, Tenth Floor, San Francisco, California 94108.

That on August 25, 2008, I served the within:

1) **DECLARATION OF SHIVANI SUTARIA IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND REQUEST FOR MONETARY SANCTIONS**

2) **DEFENDANT WAL-MART STORES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL INITIAL DISCLOSURES AND REQUEST FOR SANCTIONS**

on the parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office addressed as set forth below in accordance with ordinary business practices for deposit with the United State Postal Service in San Francisco, California. I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

Stuart Wilson
1671 The Alameda, Suite 300
San Jose, CA 95126

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 25, 2008, at San Francisco, California.

_____
Joseph Clark