1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DESIGNATED FOR PUBLICATION

**E-Filed 12/1/08**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

KENNETH JACKSON,

                Plaintiff,

      v.

WAL-MART STORES, INC.,

                Defendant.

Case Number C 08-1670 JF (RS)

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND

[re: docket no.  22]

Plaintiff Kenneth Jackson ("Jackson") moves to remand the instant action to the Santa Clara Superior Court on the ground that Defendant Wal-Mart Stores, Inc. ("Wal-Mart") failed to meet the one-year deadline for removal contained in 28 U.S.C. § 1446(b).  Wal-Mart opposes the motion.  For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

Although he filed this wrongful termination action against Wal-Mart in the superior court on February 15, 2007, Jackson did not serve Wal-Mart with the complaint until seven months later.  Wal-Mart then attempted to ascertain Jackson's alleged damages in order to determine whether the action could be removed to federal court on the basis of diversity of citizenship.  *See*

1   28 U.S.C. § 1332.  Wal-Mart served Jackson with interrogatories and document requests in

2   October 2007; when Jackson failed to respond, Wal-Mart filed a motion to compel.  Although

3   the superior court ordered Jackson to serve Wal-Mart with responses by February 21, 2008,

4   Jackson did not serve the responses until March 2, 2008, more than one year after he filed the

5   action.  Concluding from the responses that the amount in controversy exceeds the jurisdictional

6   amount of $75,000, Wal-Mart filed a notice of removal on March 27, 2008.  Jackson filed the

7   instant motion for remand five months later.

8                          **II. LEGAL STANDARD**

9         Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant

10  may remove an action to federal court if the plaintiff could have filed the action in federal court

11  initially.  28 U.S.C. § 1441(a); *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1393 (9th

12  Cir. 1988).  A party may file an action in federal court if there is diversity of citizenship among

13  the parties or if the action raises a substantial federal question, and the party invoking the

14  removal statute bears the burden of establishing federal jurisdiction.  *Ethridge*, 861 F.2d at 1393.

15  The removal statute is strictly construed against removal.  *Id.* Generally, a defendant seeking to

16  remove an action to federal court must file a notice of removal within thirty days of receiving a

17  copy of the initial pleading. 28 U.S.C. § 1446(b).  "If the case stated by the initial pleading is not

18  removable, a notice of removal may be filed within thirty days after receipt by defendant, through

19  service or otherwise, of a copy of an amended pleading, motion, order or other paper from which

20  it may be first ascertained that the case is one which is or has become removable." *Id.* However,

21  "a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after

22  commencement of the action." *Id.* The removal statute distinguishes between defects in removal

23  procedure and a lack of subject-matter jurisdiction.  28 U.S.C. § 1447(c); *Ritchey v. Upjohn*

24  *Drug Co.*, 139 F.3d 1313, 1316 (9th Cir.  1998).  Remand for lack of subject-matter jurisdiction

25  may occur "at any time before final judgment." *Id.* However, a plaintiff seeking remand because

26  of a defect in the removal procedure must file a motion "within 30 days after the filing of the

27  notice of removal." *Id.*

28

Case No. C 08-1670 JF (RS)
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
(JFEX1)

1

### III. DISCUSSION

2    Because Wal-Mart did not file its notice of removal within one year after Jackson

3   commenced this action in state court, the removal in the instant case was untimely.  *See* 28

4   U.S.C. § 1446(b).  However, Jackson's failure to move for remand within thirty days of removal

5   waived any procedural defects in the removal.  *See* 28 U.S.C. § 1447(c).  Accordingly, the

6   disposition of the instant motion turns on whether Wal-Mart's failure to remove within the one-

7   year time limit in § 1446(b) is a procedural or a jurisdictional defect. If it is the latter, Jackson

8   may seek remand at any time before entry of final judgment.

9    The Ninth Circuit has not addressed whether a defendant's failure to meet the one-year

10  deadline of § 1446 constitutes a procedural or a jurisdictional defect, and district courts in this

11  circuit are divided.  *See Perez v.  General Packer, Inc.*, 790 F. Supp. 1464, 1471 (C.D. Cal.

12  1992) ( "the one-year rule [in § 1446(b)] is a jurisdictional rule and its violation a jurisdictional

13  defect"); *Gray v. Moore Business Forms, Inc.*, 711 F.Supp. 543, 545 (N.D. Cal. 1989) (the

14  amendment to 28 U.S.C. § 1446(b) prohibiting "removal more than one year after

15  commencement of a suit . . .  is a procedural one").  The only circuit courts to address the issue –

16  the Third and Fifth Circuits –  have held that failure to meet the one-year deadline is a non-

17  jurisdictional defect. *See Abriel Land Owners, Inc. v. Dring*, 351 F.3d 611, 617 (3d Cir. 2003)*;*

18  *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992).

19  **A.    Sections 1446(b) and 1447(c) Are Procedural Rather Than Jurisdictional Provisions**

20    This Court finds persuasive decisions concluding that failure to meet the one-year

21  deadline is a procedural rather than a jurisdictional defect.  The one-year limit has nothing to do

22  with whether the parties in fact are diverse or whether the jurisdictional amount actually is in

23  controversy.  The language of the statute itself "indicates that sections 1446(b) and 1447(c) are

24  procedural provisions." *Barnes*, 962 F.2d at 516.  Section 1446(b) establishes time limits for

25  removal, and section 1447(c) establishes time limits for remand based upon non-jurisdictional

26

27

28

1    defects in the removal procedure.  *Id.*;[1] *see also Tosco Corp. v. Communities for a Better Env't*,

2    236 F.3d 495, 499 (9th Cir. 2001)(discussing defects in subject-matter jurisdiction).

3         Jackson's sole argument against removal is that Wal-Mart did not meet the time limit in

4    the removal statute.  The principal authority on which Jackson relies, *Perez v. General Packer,*

5    *Inc.*, 790 F. Supp. 1464 (C.D. Cal. 1992),[2] distinguished cases[3] in which the thirty-day time limit

6    was held to be a procedural requirement, *id.* at 1469, and reasoned that the "prohibitory"

7    language of the statute rendered the one-year limit jurisdictional, *id.* at 1470.  The Third Circuit

8    rejected this very distinction in *Abriel*:

9         Neither provision expressly purports to limit federal jurisdiction, and the prohibitive
         terms of the one-year limit ("except that a case may not be removed") are no more
10        mandatory than the compulsory terms of the 30-day limit ("[t]he notice of removal . . .
         shall be filed").

11

12   351 F.3d at 614-615.

13

14   _____

15   [1]Interpreting an earlier version of the removal statute, the Ninth Circuit held that "[t]he
     statutory time limit for removal petitions is merely a formal and modal requirement and is not
16   jurisdictional."  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)
     ("[a]lthough the time limit is mandatory and a timely objection to a late petition will defeat
17   removal, a party may waive the defect or be estopped from objecting to the untimeliness by
     sitting on his rights").  Although the underlying action in *Fristoe* had been removed on the basis
18   of federal-question jurisdiction, and the earlier version of the removal statute did not include the
     one-year limitation at issue here, *Fristoe* suggests strongly that the statutory time limits are
19   procedural in nature.

20
     [2]*Perez* has been criticized in several subsequent cases.  The Ninth Circuit disagreed that
21   the one-year limit applies to both paragraphs of 28 U.S.C. § 1446(b), *Ritchey v. Upjohn Drug
     Co.*, 139 F.3d 1313, 1317 (9th Cir.  1998) ("One year limit [...] does not apply to cases that were
22   removable in the first instance"), and other district courts have disagreed with *Perez* on policy
     grounds, *see Kinabrew v. Emco-Wheaton, Inc.*, 936 F.Supp. 351, 352 (M.D. La. 1996)
23   (recognizing an exception to the one-year limitation where "the plaintiff attempts to manipulate
     the forum by withholding service on the defendants until more than one year after the suit was
24   filed in state court"); *Rauch v. Rauch*, 446 F.Supp.2d 432, 435 (D.S.C. 2006) (certifying for
     interlocutory appeal the question of whether the one-year limit is jurisdictional or whether it
25   "may be waived in the favor of equity").

26
     [3]*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.1980); *Libhart v. Santa
27   Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir.1979); and *Leininger v. Leininger*, 705 F.2d
28   727, 729 (5th Cir.1983).

4

Case No. C 08-1670 JF (RS)
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
(JFEX1)

1    **B.**        **The Policy Underlying the Removal Statute Supports a Conclusion that the One-**

2              **Year Limit is Not Jurisdictional**

3        The one-year limit on removal based on diversity jurisdiction was enacted in 1988.

4    *Abriel*, 351 F.3d at 615 (citing the Judicial Improvements and Access to Justice Act, Pub.L. No.

5    100-702, § 1016(b), 102 Stat. 4642, 4669).  At the same time, Congress also "added the

6    requirement in § 1447(c) that motions to remand based on non-jurisdictional defects be filed

7    within 30 days of removal." *Id.* (citing Pub.L. No. 100-702, § 1016(c), 102 Stat. at 4670).  The

8    inclusion of the one-year limit in §1446(b) and the thirty-day limit in §1447(c) reflects a balanced

9    policy designed to discourage forum shopping and conserve judicial resources.  *See id.*  The one-

10   year removal deadline was intended to discourage "removal after substantial progress has been

11   made in state court."  *Abriel*, 351 F.3d at 615 (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69

12   (1996)). Conversely, the thirty-day remand deadline seeks to avoid further "delay and disruption"

13   when "federal proceedings [have carried] on at length."  *Id.*  Congress was concerned with the

14   "risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as

15   a means of forum shopping if the litigation should take an unfavorable turn."  *Id.* (citing

16   H.R.Rep. No. 100-889, at 72).

17        Construing the one-year limit as a procedural requirement in the instant case comports

18   with the legislative purpose underlying the removal statute.  Jackson did not serve Wal-Mart

19   until seven months after filing the action.  Wal-Mart then sought discovery to determine the

20   amount in controversy, but Jackson delayed serving discovery responses until the one-year

21   removal deadline had passed.  The responses provided Wal-Mart with the information it needed

22   to establish diversity jurisdiction, and it promptly filed its notice of removal.  To bar removal on

23   the facts of this case would not serve the policy underlying the rule.  The parties did not make

24   substantial progress in state court.[4]  In contrast, this Court already has held an initial case

25   management conference and referred the parties to an early neutral evaluation.  Derailing the case

26

27

28        [4]The state court's involvement was limited to one case management conference and Wal-Mart's motion to compel discovery responses.

Case No. C 08-1670 JF (RS)
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
(JFEX1)

1  again by sending it back to state court would not be in the interest of judicial economy and would

2  reward Jackson's dilatory tactics.

3        The policy concerns raised in *Perez* do not apply here.  The district court in that case

4  reasoned that reading "the one-year rule as non-jurisdictional would encourage litigants over the

5  one-year limit to file Notices of Removal regardless of the limit and wager that the plaintiff will

6  not detect the statutory violation within 30 days." 790 F. Supp. at 1469.  *Perez* expressed

7  concern for a plaintiff who is not "alert or inspired enough to raise the one-year defect."  *Id.* at

8  1471.  As is apparent from the procedural history recited above, Jackson cannot fairly be

9  characterized as the type of plaintiff *Perez* sought to protect.

10        Instead, this case bears significant similarities to *Abriel* and *Barnes*.  In *Barnes*, the

11  plaintiff filed his sixth amended complaint approximately four years after commencement of the

12  action. *Barnes*, 962 F.2d at 514-15.  For the first time, the complaint named completely diverse

13  defendants, and one of the defendants filed promptly for removal.  *Id.* at 515.  Twenty months

14  later, the plaintiff challenged the removal based on the defendant's failure to remove within one

15  year of the filing of the original complaint.  *Id.*  The plaintiff in *Abriel* also moved to remand

16  twenty months after removal. *Abriel*, 351 F.3d at 612.  Like the defendant in *Barnes*, Wal-Mart

17  was diligent in seeking removal once the facts giving rise to diversity jurisdiction came to light.

18                                              **IV. ORDER**

19        Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for remand

20  is DENIED.

21

22  DATED: December 1, 2008

23

24                                              _____
                                                JEREMY FOGEL
25                                              United States District Judge

26

27

28

Case No. C 08-1670 JF (RS)
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
(JFEX1)

1   This order has been served upon the following persons:

2   Stuart McLeod Wilson
    Email: stuartwilson@earthlink.net

3

4   Gregory Louis Spallas
    Email: gspallas@psalaw.net

5   Shivani Sutaria
    Email: ssutaria@psalaw.net

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-1670 JF (RS)
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
(JFEX1)